# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOOK WHOLESALERS, INC., an Illinois corporation,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JENNIFER ROOTH, a citizen of California; BRODART Co. d/b/a Brodart Books, Inc., a New Jersey corporation,<br><br>　　　　　　　　　　　　　　　Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM. | CASE NO. 04cv2428 DMS (CAB)<br><br>**ORDER DENYING COUNTERCLAIMANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 94, 95]** |

This matter comes before the Court on Jennifer Rooth's motion for summary judgment on her Counterclaim. Rooth filed her motion on September 7, 2006, Book Wholesalers, Inc. ("BWI") filed its opposition on September 22, 2006, and Rooth filed her reply on September 28, 2006. For the reasons discussed below, the Court denies Rooth's motion.

## I.
## PROCEDURAL BACKGROUND

BWI filed its original Complaint in this case on December 6, 2004. Along with the Complaint, BWI filed an ex parte application for a temporary restraining order and preliminary injunction, which

the Court granted on December 7, 2004. In the original Complaint, BWI alleged Jennifer Rooth violated the Computer Fraud and Abuse Act, misappropriated BWI's trade secrets, and converted BWI's property.

Rooth filed an Answer to the Complaint and a Counterclaim on January 11, 2005. In the Counterclaim, Rooth alleges BWI violated California Labor Code Section 203. Recently, Rooth moved to amend her Counterclaim to allege a claim for violation of California Labor Code Section 2802 and a claim for violation of California Business and Professions Code Section 17200. The Court denied that motion.

## II.

## FACTUAL BACKGROUND

The undisputed facts relevant to this motion are as follows:[1] Jennifer Rooth is a former employee of BWI. (Separate Statement of Undisputed Facts in Supp. of Mot. for Summ. J., No. 1.) On November 30, 2004, one day after Rooth provided notice of her resignation from BWI, BWI terminated Rooth's employment. (*Id.*, No. 2.) BWI did not pay Rooth her regular wages until after December 10, 2004. (*Id.*, No. 7.) BWI also failed to pay Rooth her commission and unused vacation wages until December 27, 2004. (*Id.*, No. 11.)

## III.

## DISCUSSION

Rooth moves for summary judgment on her Counterclaim. She asserts there are no genuine issues of material fact on her claim that BWI violated California Labor Code Section 203, therefore she is entitled to judgment as a matter of law. BWI disputes Rooth has met her burden of proof, particularly as to the amount of the penalty to be imposed.

**A.    Standard of Review**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*,

---

[1] For a more detailed recitation of the facts underlying this case, please see Docket Nos. 26 and 44.

1  398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or
2  other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex*
3  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome
4  of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v.*
5  *Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

6  The burden then shifts to the opposing party to show that summary judgment is not
7  appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all
8  justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255
9  (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory
10 allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific
11 facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's*
12 *Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require
13 plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own). More than
14 a "metaphysical doubt" is required to establish a genuine issue of material fact." *Matsushita Elec.*
15 *Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

16 **B.  California Labor Code Section 203**

17  Rooth's sole claim for relief alleges BWI violated California Labor Code Section 203. This
18 statute provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

22 Cal. Labor Code § 203. The penalty provided for in this statute is referred to as a "waiting time"
23 penalty. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 489 (1998). Its object is to promote "the 'full
24 and prompt payment of wages due an employee.'" *Id.* at 491-92 (quoting *Pressler v. Donald L. Bren*
25 *Co.*, 32 Cal. 3d 831, 837 (1982)).

26  In a case like this, where the employee is terminated, California law provides "the wages
27 earned and unpaid at the time of discharge are due and payable immediately." Cal. Labor Code §
28 / / /

1 201(a). There is no dispute BWI violated this statute, and thus it is subject to the penalty provided for
2 in Section 203.

3 There is also no dispute BWI terminated Rooth's employment on November 30, 2004, but did
4 not pay Rooth all "wages earned and unpaid" until December 27, 2004. Therefore, according to
5 Section 203, Rooth is entitled to receive an additional twenty-seven days of wages from BWI. The
6 "critical computation" in determining Rooth's wages "is the calculation of a daily wage rate, which
7 can then be multiplied by the number of days of nonpayment, up to 30 days." *Mamika*, 68 Cal. App.
8 4th at 493.

9 The parties disagree about who has the burden of proof on the issue of Rooth's daily wage.
10 BWI asserts Rooth bears the ultimate burden, and Rooth disagrees. The Court agrees with BWI.
11 California Civil Jury Instruction 2704 sets out the elements of a claim for penalties under Section 203.
12 It specifically states the plaintiff must prove all the elements, including the daily wage rate at the time
13 of termination. Accordingly, as Counterclaimant and the party moving for summary judgment, Rooth
14 must show there are no genuine issues of material fact on the issue of her daily wage rate.

15 In an effort to meet this burden, Rooth states she earned $176,470.80 in base pay plus
16 commission during the 47.4 weeks she worked for BWI in 2004. Rooth states this amounts to a
17 weekly salary of $3,723.01 ($176,470.80 ÷ 47.4), and a daily wage rate of $744.60 ($3,723.01 ÷ 5).
18 Using this daily wage rate, Rooth asserts she is entitled to a penalty in the amount of $20,104.20
19 ($744.60 x 27).

20 However, BWI disputes Rooth's numbers and her calculations. According to BWI,
21 commission pay is delayed to the second pay period following the month it is earned. Therefore, the
22 $176,470.80 Rooth claims as wages for 2004 includes wages actually earned in 2003. BWI also
23 asserts Rooth's claimed wages erroneously include payment for unused vacation time. Finally, BWI
24 argues Rooth must divide her wages by fifty-two weeks, not the number of weeks she actually worked,
25 which in this case is 47.4.

26 Despite the parties' disagreement about the method of calculating Rooth's daily wage rate,
27 authority provided by Rooth appears to resolve the dispute. (*See* Notice of Lodgment in Supp. of
28 Reply, Ex. A.) The Department of Labor Standards Enforcement's ("DLSE") FAQ on the Waiting

Time Penalty explains "how the daily rate of pay is calculated when two different types of wages are earned." (*Id.* at No. 8.6.) It states the fact finder must first determine the employee's monthly base salary and the employee's average monthly commission. (*Id.*) The fact finder must then add the monthly base salary and the average monthly commission to determine the employee's average monthly wages. (*Id.*) The average monthly wages are then multiplied by twelve months to arrive at an annual salary. (*Id.*) The annual salary is then divided by fifty-two weeks to arrive at a weekly salary, which is then divided by five to arrive at a daily wage rate. (*Id.*)

Although Rooth provided this authority in support of her motion, it does not appear she applied the methodology set out therein. She fails to provide the Court with any evidence of her base salary, and likewise fails to provide the Court with any evidence of her average monthly commission. Instead, she uses the total amount of money she was paid by BWI, including money paid for unused vacation time, as the starting point for her analysis.[2] She then divides that amount by the number of weeks she worked for BWI during 2004 to arrive at a weekly rate, which she then divides by five to arrive at a daily rate. This approach does not follow the DSLE's methodology, nor does it provide the Court with the necessary, undisputed information to apply the methodology. Accordingly, Rooth is not entitled to summary judgment on her Counterclaim.

## IV.

## CONCLUSION

For these reasons, the Court denies Rooth's motion for summary judgment on her Counterclaim.

**IT IS SO ORDERED**.

DATED: October 30, 2006

_____
DANA M. SABRAW
United States District Judge

---

[2] The Court notes money paid for unused vacation time is not included in the DLSE's example: "[p]ayments made for occasional periods when no work is performed due to vacation[ ]" are to be excluded in determining an employee's regular rate of pay. (Notice of Lodgment in Supp. of Reply, Ex. B at No. 49.1.2.4.2.)